JOHN P. CALLAGHAN, INCORPORATED, APPELLANT, v. CONTINENTAL CASUALTY COMPANY, RESPONDENT.

Argued February 9, 1933—Decided April 27, 1933.

For the appellant, *Julius Stein.*

For the respondent, *Conover & English.*

The opinion of the court was delivered by

PARKER, J. This is a suit against the surety on a bond given to the board of education of Irvington for the faithful performance by one Tyler M. Gibbs of a contract to build a public school. The bond- is in the form prescribed by chapter 75 of the laws of 1918, with some additional matter, and contains the statutory clause "agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim as well as for the obligee." The plaintiff sued as one of those for whose benefit

the bond was made, and demanded that the surety respond in upwards of $20,000 for materials furnished to Gibbs and for which he did not pay.

Section 3 of the statute requires the claimant to serve a notice of his unpaid claim on the surety within eighty days after the acceptance of the building, and then wait sixty days before bringing suit. *Franklin Lumber Co.* v. *Globe Indemnity Co.,* 102 *N. J. L.* 9, 715. The first count of the complaint, served May 8th, 1929, avers that Gibbs owes the money with interest from August 21st, 1926, and that on February 11th, 1929, plaintiff gave notice to the surety. It contains no averment of the date of acceptance, or indeed that there was any acceptance by the board of education. The second count avers that pursuant to chapter 75 of *Pamph. L.* 1918, Gibbs as principal, and defendant as surety, executed the bond in question; that the building was erected by Gibbs "and is now in use by the board of education;" that plaintiff has demanded that the board accept the building, but that the board unreasonably and negligently refused and refuses to accept it, and that a statement was served on the defendant surety as before. It will be observed that the board is not a party to the suit, and that there is no intimation of fraud or collusion, as for example in *Chism* v. *Schipper,* 51 *N. J. L.* 1.

The trial court directed a verdict for defendant on both counts, and this ruling, together with the admission of a letter in evidence, is the basis of the appeal.

Although the first count does not plead an acceptance of the building, the proofs showed that in June, 1926, the board passed a resolution accepting it subject to making good some minor omissions and items of defective work, and that in August of that year, pursuant to a final architect's certificate dated in July, the board ordered payment of all reserved money to be made. Nothing further appears. Regarding this for the nonce as an acceptance, either as of June or August, 1926, the plaintiff was faced with the fact that not until February, 1929, some thirty months later, did plaintiff make any demand or give any notice to the surety; and that

its rights against the surety had lapsed at the end of eighty days after the acceptance. It is argued that as the bond is by its terms for the benefit of plaintiff and others similarly situated (see *Shannon* v. *Continental, &c., Co.,* 106 *N. J. L.* 200), plaintiff may enforce it by virtue of section 28 of the Practice act of 1903 at any time within the ordinary period of limitation; but this takes no account of the fact that by the act of 1918 no right of action arises as against the surety except by the service of a proper notice within eighty days after the acceptance.

The second count does not help the plaintiff. The pertinent language is as follows: "The said plaintiff has demanded of the said board of education * * * that said board * * * accept the said school building erected by the said Tyler M. Gibbs, but the said board of education unreasonably and negligently has refused and failed and still refuses and fails to accept the said building and work so performed by the said Tyler M. Gibbs."

It was definitely held in the *Franklin Lumber Company Case, supra,* and again in *Fireproof Products Co.* v. *Dreher,* 104 *N. J. L:* 660, that the foundation for a suit like the present could be laid only by service on the surety of the required statement within eighty days after the acceptance of the whole work; and that service of the statement before such acceptance was nugatory. The statute makes no provision for a wrongful refusal to accept, whether negligent, unreasonable, or even fraudulent. It says that acceptance is a condition precedent to effective service of the statement. Counsel say in their brief that "an exhaustive examination" of the cases in this country discloses only one decision, *Kansas City* v. *Walsh,* 88 *Mo. App.* 271, rendered in an intermediate or subordinate court of review, in which, as we read it, the right of suit over a failure or refusal to accept the work is predicated on a clause in the Missouri Bill of Rights, that "right and justice shall be administered without denial or delay." But be it remembered that defendant's contract is one of suretyship only, and its limits are marked out by a statute known as well to the plaintiff as to anyone, and that

a situation like that pleaded in the second count could be foreseen by anyone, and for all that we know was foreseen by the legislature. The right of recovery being purely statutory, the conditions imposed by statute must be met.

It may be, though we venture no opinion on the point, that the board of education owes to plaintiff some legal duty to accept the building, assuming that the facts shown in this cause do not amount to such acceptance. But if there be such duty, its performance is to be enforced in an appropriate action against the board and not disregarded by the substitution in this action of a condition not contemplated by the statute.

The direction for defendant on the first count was proper, on the theory that the period of eighty days after acceptance had long expired, the direction on the second count was proper, on the theory that no acceptance had taken place, and therefore no right of action had arisen.

There was no error in admitting the letter (*Exhibit D-4*), dated February 14th, 1929, from defendant to plaintiff. This was in reply to plaintiff's letter of the 11th (*Exhibit P-1*), and responsive thereto. So far as responsive, it was certainly competent. *MacWhinney* v. *Jacobson,* 109 *N. J. L.* 477. If it contained any incompetent or irrelevant matter, the proper course of the opposing party was to request that its effect should be limited by a suitable instruction. *Vapor Vacuum Heating Co.* v. *Kaltenbach et al.,* 94 *Id.* 450; *Richardson* v. *Heinochowitz,* 2 *N. J. Mis. R.* 919; *affirmed* in 101 *N. J. L.* 413.

The judgment will be affirmed.

*For reversal*—None.