YALE & TOWNE MANUFACTURING COMPANY, A CORPO-
RATION, PLAINTIFF-RESPONDENT, v. AETNA CASU-
ALTY AND SURETY COMPANY OF HARTFORD, CON-
NECTICUT, A CORPORATION, DEFENDANT-APPEL-
LANT.

Submitted February 18, 1933—Decided May 15, 1933.

For the appellant, *Collins & Corbin* (*Edward A. Markley* and *James B. Emory,* of counsel).

For the respondent, *Insley, Vreeland & Decker* (*A. Leonard Roberts,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   This action was brought upon a bond given by George H. Evans, Incorporated, as principal, and the defendant below as surety, to the New Jersey state board of education in accordance with chapter 75 of the laws of 1918, page 203.   The plaintiff below furnished material to George H. Evans, Incorporated, the general contractor, and because of the failure of the latter to pay for the same, this action was brought against the defendant as surety on the bond.

The plaintiff moved to strike out the defendant's answer as sham.   Judge Ackerson granted the motion.   We think that was right and no reason is presented for disturbing the consequent judgment.

In the court below the defendant's counsel expressly agreed that, so far as that motion was concerned, the answer should stand or fall upon the determination of the question whether or not the plaintiff served the defendant, as surety on the bond, within eighty (80) days of the date of the acceptance of the school building improvement in question, with a state-

ment of the amount due to the plaintiff, and the defendant relies upon a resolution adopted by the New Jersey state board of education on July 11th, 1931, as an acceptance.

On this appeal the defendant-appellant, it seems, concedes (as it did in the court below) that, if such resolution of July 11th, 1931, was not an acceptance within the meaning of the statute, then the plaintiff's statement of its claim was filed with the defendant within time.

That resolution declared with respect to the contract for the improvement in question that it had been completed and accepted with the exception of the meeting room and a few other specified items, and retained $3,500 until the meeting room and other items had been completed and finished.

We think that such resolution did not constitute an acceptance such as is contemplated by the statute.

Section 3 of the statute (*Pamph. L.* 1918, *p.* 204) provides *inter alia* as follows:

"Any person, firm or corporation to whom any money shall be due on account of having performed any labor, or furnished any material in the construction, erection, alteration or repair of any such building, work, or improvement, within eighty (80) days after the acceptance thereof by the duly authorized board or officer, shall furnish the sureties on said bond a statement of the amount due to any such person, firm or corporation. No suit shall be brought against said sureties on said bond until the expiration of sixty (60) days after the furnishing of said statement."

The words "within eighty (80) days after the acceptance thereof," in that statute refer to the building or improvement which is the subject-matter of the contract, and not to the materials used therein or the work done thereon. *Franklin Lumber Co.* v. *Globe Indemnity Co.,* 102 *N. J. L.* 9; *affirmed, Ibid.* 715.

Certainly the statute contemplates a final, complete and unconditional acceptance of the building or improvement which is the subject-matter of the contract. See *John P. Callaghan, Inc.,* v. *Continental Casualty Co.,* 110 *N. J. L.* 390. To hold otherwise would seriously jeopardize the rights of

materialmen and laborers, intended to be protected by the statute

Here the resolution of July 11th, 1931, accepts the work or improvement with the exception of certain specified items. It is conceded that these excepted items were of a value of $3,500 and that they were not completed at the time the resolution was passed. This work was afterwards completed, and of course by laborers employed and material furnished for it. If this resolution be construed as a final acceptance of the improvement these laborers and materialmen would be deprived of all protection under the bond given pursuant to the aforesaid statute. Manifestly no such construction can be put upon the statute. It is apparent, therefore, that the "acceptance" contemplated by the statute was not effectuated by the resolution adopted July 11th, 1931. The record discloses that the work or improvement in question was finally accepted unconditionally by the state board on March 5th, 1932, and that certainly for the purposes of this case was a valid acceptance, and since the plaintiff's statement of the amount due was admittedly furnished to the defendant surety company by the plaintiff on April 12th, 1932, it was, of course, within the period of eighty (80) days provided by the statute for the filing thereof.

If it be suggested that the supplementary resolution of May 7th, 1932, should be considered as the final acceptance, the result is the same, since it appears that again on May 27th, 1932, a like statement of the amount due was served upon the defendant, and that likewise was within the eighty-day period provided by the statute.

The foregoing observations dispose of every question argued.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.