JOHNSON SERVICE COMPANY, A CORPORATION, PLAINTIFF-RESPONDENT, v. AMERICAN EMPLOYERS' INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 26, 1934—Decided October 5, 1934.

For the appellant, *Cox & Walburg* (*William H. D. Cox*, of counsel).

For the respondent, *Child & Shipman* (*Jehiel G. Shipman* and *Everett M. Scherer*, on the brief).

The opinion of the court was delivered by

TRENCHARD, J.   This action was brought upon a bond given by the Daniel McGrath Company as principal and the

defendant below as surety to the board of education of the borough of Haledon, in accordance with chapter 75 of the laws of 1918 (page 203).

The McGrath company entered into a contract to do all the work and furnish all the materials necessary for the heating and ventilating work in connection with the construction of a new public school building for the board of education. The plaintiff below furnished labor and 'materials to the McGrath company, the general contractor, which went into the improvement which was the subject-matter of such contract. Because of the failure of the general contractor to pay for the same, this action was brought against the defendant as surety on the bond.

The plaintiff moved to strike out the defendant's answer as in part sham and in part frivolous and as constituting no legal defense to the complaint. Judge Porter granted the motion.

We see no reason for disturbing the consequent judgment.

The defendant in its answer averred that "on or about the *20th day of July, 1932,* the board of education of the borough of Haledon by *resolution* formally accepted the work contracted for with the said board of education of the borough of Haledon by the said Daniel McGrath Company;" that "no notice of claim or statement of claim of the plaintiff was filed with the defendant company prior to or within eighty days after the *said acceptance* of the said work contracted for by the said Daniel McGrath Company by the board of education," and that suit was not instituted within one year after that acceptance.

Therefore, we must determine whether or not the resolution of July 20th, 1932, was an acceptance of the work within the meaning of the statute.

We think it was not.

The statute (*Pamph. L.* 1918, *p.* 204, § 3) declares: "Any person. firm or corporation to whom any money shall be due on account of having performed any labor, or furnished any material in the construction, erection, alteration or repair of any such building, work or improvement, within eighty

(80) days after the acceptance thereof by the duly authorized board or officer, shall furnish the sureties on said bond a statement of the amount due to any such person, firm or corporation. No suit shall be brought against said sureties on said bond until the expiration of sixty (60) days after the furnishing of said statement. If said indebtedness shall not be paid in full at the expiration of said sixty days, said person, firm or corporation may bring an action in his own name upon such bond, said action to be commenced within one year from the date of the acceptance of said building, work or improvement."

Now that statute contemplates a final, complete and unconditional acceptance of the building or improvement which was the subject-matter of the contract. *Yale & Towne Manufacturing Co.* v. *Aetna, &c., Co.,* 110 *N. J. L.* 592; *John P. Callaghan, Inc.,* v. *Continental Casualty Co., Ibid.* 390.

Here, plainly, the resolution of July 20th, 1932, was not a final, complete and unconditional acceptance. This clearly appears, not only from an examination of the resolution itself, but from an examination of the report made by the architect to the board on July 19th, 1932, and referred to in the resolution itself. Both the report and the resolution show that the work or improvement, which was the subject-matter of the contract, was not then completed in several substantial particulars, and the resolution qualified the acceptance to a future time, namely, when the items specified in the report of the architect were completed.

To hold that such a resolution was an acceptance within the meaning of the statute would seriously jeopardize the rights of materialmen and laborers intended to be protected by the statute. *Yale & Towne Manufacturing Co.* v. *Aetna, &c., Co., supra.*

It is true that on July 22d, 1932, without anything further in the way of acceptance of the work or improvement, the final payment on the contract was made; but this evidently was done inadvertently, and we think is of no particular significance on this phase of the case, because it appears

and is undisputed that the work remaining to be done as a condition of final acceptance was not done until September and October of 1932, and was not finished until October 28th, 1932, when, as the pleadings, considered in the light of the affidavits show, the board of education accepted the work or improvement. The plaintiff's complaint averred that the work or improvement, which was the subject-matter of the contract, was finished and accepted on October 28th, 1932, and that thereafter and within eighty days thereof, to wit, on November 9th, 1932, the plaintiff furnished the defendant surety company a written statement of the amount due to the plaintiff for materials furnished and labor performed and used in the construction of the improvement. To that complaint, as we have indicated, the only answer of the defendant was that the work was accepted by resolution on July 20th, 1932; that no notice of claim or statement was filed with the defendant within eighty days after such acceptance of the work, and that suit was not begun within one year after such acceptance.

Now we observe that these averments of the plaintiff's complaint were amply supported by its affidavits used on the motion, whilst on the other hand, the affidavits of the defendant, so far as concerns the questions at issue, are limited to its assertion that the work was accepted by the resolution of July 20th, 1932; that no statement of the amount due plaintiff was furnished defendant within eighty days after that date, and that the action was not commenced within one year from that date.

Our conclusion that the resolution of July 20th, 1932, upon which the defendant relies, was not an acceptance of the work, renders it manifest that the answer and affidavits of the defendant show no legal defense to the complaint, supported as it is by the affidavits of the plaintiff used upon the motion. We may add that it appears without dispute that a statement of the amount due was furnished by the plaintiff to the defendant on November 9th, 1932, and that the action was begun on October 5th, 1933.

The judgment under review will be affirmed, with costs.

498

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.