WILLIAMSPORT PLANING MILL CO., A CORPORATION IN LIQUIDATION, PLAINTIFF-APPELLANT, v. MARYLAND CASUALTY COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Argued October 6, 1942—Decided January 12, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiff-appellant, *Kristeller & Zucker* (*Saul J. Zucker,* of counsel).

For the defendant-respondent, *Coult, Satz, Morse & Coult* (*Joseph Coult* and *Joseph Coult, Jr.,* of counsel).

The opinion of the court was delivered by

PORTER, J. This action was instituted by the plaintiff against the defendant upon a bond given by C. H. Johannsen and Co., Inc., to the Board of Education of the City of Paterson, and on which the defendant company was surety. The trial court granted a judgment of nonsuit. The plaintiff appeals.

The facts are stipulated. C. H. Johannsen and Co., Inc., was the general contractor for the building of a school building in Paterson and gave the bond in question under the provisions of *N. J. S. A.* 2:60-207-212 conditioned that the contractor will faithfully perform all the provisions of the contract and pay all lawful claims of subcontractors, materialmen and laborers for labor performed and material furnished in the carrying out of the contract. The Union Millwork and Supply Company was a subcontractor and assigned its contract to plaintiff who furnished certain material at an agreed price and reasonable value of $2,085 which material went into the construction of the building. This material was furnished between September 15th, 1939, and October 15th, 1939. The material was not paid for and the general contractor became insolvent and was adjudged a bankrupt. On May 29th, 1940, the architect for the building advised the Board of Education that the building was substantially completed and on July 11th, 1940, the Board of Education adopted a resolution reading, in part: "Resolved, that this Board formally accept New School No. 5 as being substantially completed in accordance with the terms of the plans and specifications." On October 16th, 1940, plaintiff furnished a written statement to the defendant notifying it that the amount due it for the materials had not been paid. It also was stipulated that the subcontractor for the painting work was obliged to repaint some of the interior walls because the work had not been satisfactory. This work was of substantial amount costing for labor and material $736. It was finished August 15th, 1940.

Now the statute, *N. J. S. A.* 2:60-209, provides that any person to whom any money is due for labor or materials on or for the construction of any public building shall "at any time before the acceptance of such building * * * or within eighty days thereafter, furnish the sureties on the bond required by this article a statement of the amount due to him."

It will be observed that the statutory notice to the defendant surety was not furnished within eighty days from the adoption of the resolution by the Board accepting the building but

was within eighty days of the date when work of a substantial nature was performed in the completion of the building.

The first question to be considered is whether or not the building had been completed within the meaning of the statute. The trial court ruled that it had and the notice to the surety not having been furnished within eighty days therefrom no right of action had accrued. We are not in accord with that view. The acceptance must be final, complete and unconditional. While the resolution of July 11th, 1940, used the words "formally accept" it seems clear that it was not a final, complete or unconditional acceptance. The use of the words "being substantially completed" it seems to us implies that there remained uncompleted a part of the work which would require the use of labor or materials or both to finally complete the building. In other words, this was qualified acceptance. *Yale and Towne Manufacturing Co.* v. *Aetna Casualty and Surety Co.*, 110 *N. J. L.* 592; 166 *Atl. Rep.* 473; *John P. Callaghan, Inc.,* v. *Continental Casualty Co.*, 110 *N. J. L.* 390; 166 *Atl. Rep.* 83; *Johnson Service Co.* v. *American Employers' Insurance Co.*, 113 *N. J. L.* 494; 174 *Atl. Rep.* 756; *Bowery* v. *Babbit,* 99 *Fla.* 1151; 128 *So. Rep.* 801.

We hold therefore that there was not an acceptance of the building by the Board of Education on July 11th, 1940, within the meaning of the statute, *supra.*

However, we think that there should have been a judgment of nonsuit entered on another ground which, while not argued, is nonetheless controlling.

The statute, *supra,* second paragraph provides that: "No action shall be brought against any of the sureties on the bond required by this article until the expiration of eighty days after the acceptance of the building, work or improvement by the duly authorized board or officer." There having been no acceptance shown by the proofs, as we have held, it follows that no action could be maintained under this provision of the statute. Whether or not there has been an unqualified acceptance does not appear, but until there has been and until a period of eighty days has elapsed thereafter an action by the plaintiff may not be brought.

For that reason the judgment under review will be affirmed.