JAMES McCANN, RELATOR, v. SPENCER MILLER, JR., STATE HIGHWAY COMMISSIONER OF NEW JERSEY, DEFENDANT.

Submitted May 7, 1946—Decided September 25, 1946.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the relator, *Paul C. Kemeny*.

For the defendant, *Walter D. Van Riper*, Attorney-General, and *Sackett M. Dickinson*, Assistant Deputy Attorney-General.

The opinion of the court was delivered by

COLIE, J. This is an application to the court for a writ of *mandamus* directing the State Highway Commissioner "to formally enter into the minutes of the said New Jersey State Highway Department in writing a final, complete and unconditional acceptance" of a certain grade crossing elimination project in Middlesex County. In lieu of depositions, leave to take which was granted in the rule, the facts were stipulated and it appears that a contract for the project was awarded to the Hogan-Gaul Construction Company in 1941. In February, 1942, the State Highway Commissioner received a report from the State Highway engineer that a major portion of the work on the contract was completed, whereupon

the Commissioner authorized semi-final payment. On October 28th, 1942, the official minute book of the State Highway Department contained the following item: "The Commissioner accepted the completed work on the contract of the Hogan-Gaul Construction Company for construction of Grade Crossing Elimination on the C. R. R. of New Jersey Railroad at West Avenue, Sewaren, and authorized the making of final payment thereon when the necessary formalities have been observed. It was further directed that the Central Railroad Company and the Board of Freeholders of Middlesex County be advised of this action in order that they may arrange for proper maintenance of the project in accordance with the agreement dated September 5th, 1940." Under date of April 12th, 1943, the official minute book of the State Highway Department contained the following item relative to the same project:

"Whereas, the State Highway Commissioner on October 28th, 1942, accepted the completed work on the contract of the Hogan-Gaul Construction Company, for the construction of the grade crossing elimination on West Avenue, Sewaren, at the C. R. R. of New Jersey, and

"Whereas, since that time the contractor has refused to submit the final certificate covering the work which had been completed, as required by Article 1.8.6 of the specifications and contract, and

"Whereas, on March 24th, 1943, the contractor was notified by registered mail that unless he took immediate steps to complete the project, it would be necessary to declare an abandonment thereof,

"It is hereby ordered, that effective this 29th day of March, 1943, the project for the construction of the grade crossing elimination on West Avenue, Sewaren, at the C. R. R. of New Jersey is declared abandoned, and that the contractor, Hogan-Gaul Construction Company, and the surety on the contract Indemnity Insurance Company of North America, be advised that the project has been abandoned, and

"It is further ordered, that the surety, Indemnity Insurance Company of North America, be called upon to complete the project in accordance with the provisions of the specifications and contract."

James McCann, the relator, furnished certain dirt fill and a steam roller on the grade crossing elimination project, for which he was not paid and on which it is alleged there is owing to him approximately $5,000. He desires to bring suit against the surety on the bond of Hogan-Gaul Construction Company under the authority of *R. S.* 2:60–209 which reads:

"Any person to whom any money shall be due on account of having performed any labor or furnished any materials, provisions, provender or other supplies, or teams, fuels, oils, implements or machinery in, upon, for or about the construction, erection, alteration or repair of any public building or other public work or improvement, shall, at any time before the acceptance of such building, work or improvement by the duly authorized board or officer, or within eighty days thereafter, furnish the sureties on the bond required by this article a statement of the amount due to him.

"No action shall be brought against any of the sureties on the bond required by this article until the expiration of eighty days after the acceptance of the building, work or improvement by the duly authorized board or officer."

Relator contends that there was no acceptance by the State Highway Commissioner of the project within the meaning of the above entitled statute. This contention is grounded upon the statement in the minutes of the meeting of October 28th, 1942, that "the Commissioner accepted the completed work on the contract of the Hogan-Gaul Construction Company" and the statement in the minutes of the meeting of April 12th, 1943, calling upon the Indemnity Insurance Company of North America, the surety upon the bond of Hogan-Gaul Construction Company, "to complete the project in accordance with the provisions of the specifications and contract." If it were not for the notation in the minutes calling upon the surety to complete the project, we have no hesitation in stating that the minutes of October 28th, 1942, accepting the completed work was such a "final, complete and unconditional acceptance" as is required under the cases. See *Yale & Towne Manufacturing Co.* v. *Aetna, &c., Co.,* 110 *N. J. L.* 592; *Williamsport Planing Mill Co.* v. *Maryland Casualty Co.,* 129 *Id.* 333. However, with the adoption of the subse-

quent minute of April 12th, 1943, calling upon the surety company to complete the project, a doubt is cast upon the finality of the prior acceptance.

The brief of the Attorney-General asserts that the minutes of October 28th, 1942, constitute a formal acceptance and that the minutes of April 12th, 1943, were adopted "only for the purpose of formally advising the surety company that it would be called upon to complete the details of the contract which was already accepted" and the brief further states that the nature of the details to be performed by the surety company was "to make settlement of the claims filed with the Highway Department and with them, and supply the department with the necessary releases or evidence of satisfaction of claims." If this was the purpose of the latter minute of the State Highway Commission, it certainly fails to express it in clear language. The minute calls upon the surety company to complete the project and does not limit the demand to completion of details called for by the contract and specifications, and consequently the effect might well be construed as a repudiation of the prior acceptance of the project. In this situation, the relator, McGann, is placed in a position where in a suit against the surety company on the bond, he may be met by the defense that there has been no acceptance of the work within the meaning of the statute, and we do not think that it comes with good grace from the defendant to put the relator in a position where his suit on the bond may be defeated by reason of the manner in which the minutes of the commission were written.

For the reasons stated above, a writ of *mandamus* will issue directing Spencer Miller, Jr., State Highway Commissioner of the State of New Jersey to formally enter on the minutes of the New Jersey State Highway Department a final, complete and unconditional acceptance of "Project FAGS 27A (1) Elimination of Grade Crossing of Central Railroad of New Jersey at West Avenue, Sewaren, Middlesex County, New Jersey."