18 N.J. Super. 536 (1952)
87 A.2d 558
PAUL H. JAEHNIG, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
STANDARD ACCIDENT INSURANCE COMPANY, A CORPORATION OF THE STATE OF MICHIGAN, DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided March 25, 1952.
*537 Mr. James A. Robottom, attorney for the plaintiff.
Messrs. O'Connor, Morss & Mancini, attorneys for the defendant.
SPEAKMAN, J.C.C.
This is a motion for the entry of judgment for the plaintiff for the relief demanded in the complaint.
The pleadings, together with the other papers presented upon this motion, disclose that the plaintiff was a sub-contractor of Harris Heating, Inc., which company was in turn a sub-contractor of August Arace & Sons, the general contractor for heating and ventilating work on the addition to Junior High School No. 4, Bayway, in the City of Elizabeth.
*538 The defendant is the surety on the performance bond furnished by the general contractor in conformity with the requirements of R.S. 2:60-207.
It is conceded that on or about January 31, 1949, the plaintiff furnished and delivered labor and materials to the value of $1,576.25 to Harris Heating, Inc., and that plaintiff has not been paid for the same.
In the complaint it is alleged that on May 10, 1951, the Board of Education of the City of Elizabeth accepted as completed the work done on the school building covered by the bond on which defendant is surety and that within 80 days thereafter the plaintiff furnished the defendant a statement of the amount due to plaintiff. The present action was instituted on September 19, 1951, and it is alleged in the complaint that the action was commenced within one year after the acceptance of the work by the board of education.
To this action on the bond the defendant sets up the following defenses: (1) that on September 8, 1949, the Board of Education of the City of Elizabeth accepted as completed the work on the addition to the school building covered by its bonds and that the plaintiff failed to furnish the defendant a statement of the amount due to plaintiff within 80 days thereafter and, (2) that the plaintiff failed to institute this action within one year from the date of the aforesaid acceptance.
R.S. 2:60-209 provides that:
"Any person to whom any money shall be due on account of having performed any labor or furnished any materials, provisions, provender or other supplies, or teams, fuels, oils, implements or machinery in, upon, for or about the construction, erection, alteration or repair of any public building or other public work or improvement, shall, at any time before the acceptance of such building, work or improvement by the duly authorized board or officer, or within eighty days thereafter, furnish the sureties on the bond required by this article a statement of the amount due to him.
No action shall be brought against any of the sureties on the bond required by this article until the expiration of eighty days after the acceptance of the building, work or improvement by the duly authorized board or officer."
*539 R.S. 2:60-210 provides that:
"If the indebtedness due to any person as shown by the statement required to be filed by section 2:60-209 of this title shall not be paid in full at the expiration of eighty days from the acceptance of the building, work or improvement by the duly authorized board or officer, such person may, within one year from the date of such acceptance, bring an action in his own name upon the bond required by this article. * * *." (See Note 1.)
If the action of the board of education of September 8, 1949, constituted an acceptance within the intendment of R.S. 2:60-209, then it is clear that the defenses interposed by the defendant constitute a bar to the plaintiff's action. It is equally clear that if the action of September 8, 1951, does not constitute an acceptance within the intendment of the statute and that if the action of the board of education of May 10, 1951, does constitute such an acceptance, the defenses asserted avail the defendant nothing and the plaintiff is entitled to judgment for the relief demanded in the complaint.
These respective actions of the board of education must be examined in the light of the principles set forth in the cases construing the foregoing statutory provisions.
It is firmly established that the statute (R.S. 2:60-207), requiring the furnishing of the bond sued on here, was enacted for the protection of the public, Igoe Brothers v. National Surety Co., 112 N.J.L. 243 (E. & A. 1933), and for the benefit of those furnishing labor and materials for a public work, E.I. Lavino & Co. v. National Surety Co., 104 N.J.L. 475 (Sup. Ct. 1928); Yale & Towne Mfg. Co. v. Aetna, etc., Co., 110 N.J.L. 592 (E. & A. 1933). It is equally well established that R.S. 2:60-209 contemplates that the acceptance of the public authority
[1] The last paragraph of R.S. 2:60-210, not quoted, provides for the allowance of a counsel fee to the prevailing party. In the revision, N.J.S. 2A:44-146, this provision has been omitted. Therefore no counsel fee is allowable as the revision became effective prior to the making and determination of this motion. See Igoe Bros. v. National Surety Co., 112 N.J.L. 243 (E. & A. 1933). *540 must be a final, complete and unconditional acceptance of the improvement which is the subject matter of the contract. Yale & Towne Mfg. Co. v. Aetna, etc., Co., supra; Johnson Service Co. v. American, etc., Co., 113 N.J.L. 494 (E. & A. 1934); Williamsport Planing Mill Co. v. Maryland Casualty Co., 129 N.J.L. 333 (Sup. Ct. 1943).
It is stipulated that the resolution of September 8, 1949, upon which the defendant relies, reads as follows:
"Your Committee on School Properties recommends that the work of the Electrical Contractor, Paul H. Jaehnig, and the work of the Plumbing Contractor, August Arace & Sons, and the Heating and Ventilating Contractor, August Arace & Sons, on the addition to Jr. High School No. 4, Bayway, be accepted by the Board of Education, subject to the terms and provisions of the contract, plans and specifications and further subject to Counsel's approval of any guarantees that may be required.
Your Committee further recommends that the final certificate of payment, if and when issued by the Architect to the several contractors, be paid, but subject to the receipt and approval of the Board's Counsel of all releases to be furnished by said Contractors and the payment of all lien claims, if any."
The defendant argues that all of the conditions mentioned in the resolution to which the purported acceptance is subject are concerned only with administrative details and are unrelated to the performance of the work under the contract between the board and the general contractor. This contention is rested in part upon the fact that on August 29, 1949, ten days before the adoption of the foregoing resolution, the architect had advised the board in writing, that the work had been completed by the general contractor in accordance with the contract, plans and specifications including all extra work authorized to that date, and recommended that the board accept the work performed by the general contractor as being completed, together with the admitted fact that no additional work was thereafter performed.
This argument overlooks the fact that it is not the completion of the work but the final, complete, and unconditional acceptance of the work by the public authority that brings into operation the provisions of R.S. 2:60-209.
*541 Counsel's approval of any guarantees required receipt and approval by counsel of all releases to be furnished by the general contractor; and the requirement of the payment of all lien claims, all of which the purported acceptance was made subject to, could probably be deemed administrative details unrelated to the performance of the work under the contract. The condition that the work be accepted subject to the terms and provisions of the contract, plans and specifications is, however, an entirely different matter. This language suggests that the board would be permitted to later determine whether the work had been performed in accordance with the contract, plans and specifications to its satisfaction. When considered with the fact that nowhere in the resolution is it recited that the work referred to therein had been completed the conclusion is compelled that, notwithstanding the previous report and recommendation of the architect, the action of the board of September 8, 1949, did not constitute a final, complete and unconditional acceptance of the work or improvement which was the subject matter of the contract with the general contractor, August Arace & Sons.
On May 10, 1951, the board passed the following resolution:
"Your Committee on School Properties respectfully reports that the work of the following named contractors for the construction and the erection of an Addition to Jr. High School No. 4-Bayway-Paul H. Jaehnig, Inc., electrical contractor; August Arace & Sons, Inc., heating and ventilating contractor and August Arace & Sons, Inc., plumbing contractor has been completed.
Your Committee, therefore, recommends that the work of the foregoing contractors be accepted."
Clearly, this resolution is a final, complete and unconditional acceptance of work or improvement which was the subject matter of the contract with the general contractor. It, and not the resolution of September 8, 1949, meets fully the requirements of R.S. 2:60-209. It is not suggested that the resolution of May 10, 1951, was adopted in anything other than good faith. In fact the affidavit of the secretary and business manager of the board, submitted by the defendant, *542 frankly admits that the later resolution was adopted at the request of plaintiff's attorney who claimed that the earlier resolution of September 1, 1951, was conditional. According to the secretary's affidavit, the resolution of May 10, 1951, was passed in order to avoid possible court action. Doubtless the board had in mind court action of the kind involved in McCann v. Miller, 134 N.J.L. 457 (1946), where the former Supreme Court issued a peremptory mandamus directing the then Highway Commissioner to formally enter upon the minutes of his department a final, complete and unconditional acceptance of the project there involved so that the sub-contractor, in an action against the surety on the bond, could not be met with the defense that there had not been an acceptance of the work within the meaning of the statute.
It has been stipulated by the defendant that if the resolution of September 8, 1949, is held not to be, and the resolution of May 10, 1951, is held to be, an acceptance within the meaning of the statute the plaintiff has fulfilled all of the statutory conditions precedent to the instituting of this action. Accordingly, in conformity with the views herein expressed, judgment will be entered for the plaintiff for the relief demanded in the complaint.