Argued December 10, 1964, reversed and remanded February 24,
petition for rehearing denied March 23, 1965

## OAK LODGE SANITARY DISTRICT v.
## GENERAL INSURANCE COMPANY

399 P. 2d 351

*Denton G. Burdick, Jr.,* Portland, argued the cause for appellant. On the briefs were Hutchinson, Schwab & Burdick, Portland.

*Justin N. Reinhardt,* Portland, argued the cause for respondent. With him on the brief were Reinhardt, Coblens & Stoll, Portland.

Before McAllister, Chief Justice, and Sloan, Goodwin and Lusk, Justices.

GOODWIN, J.

This is an action, brought pursuant to ORS 279.536, upon a public-works bond. The action is brought by the plaintiff on the behalf of an unpaid supplier of labor and materials used in the construction of a sewage-treatment plant. Holding that the claim was not filed within the six months required by ORS 279.526, the trial court denied recovery. The plaintiff appeals.

Any supplier of labor or materials who has a claim upon a public-works bond must file his notice of claim within six months following "the acceptance of the work by the affirmative action of the public body which let the contract." ORS 279.526. The only question in this case is whether the claimant's notice complied with the statute.

The facts are not in dispute. Between March 31, 1960, and January 31, 1961, the claimant furnished labor and materials which were used in the construction of a sewage-treatment plant. With state and federal assistance, the plant was being constructed in the Oak Lodge Sanitary District. On October 4, 1961, the engineers who were named in the construction contracts advised the directors of the district that the "facilities were found to be complete" and recom-

mended that the same be "considered complete." On the same day, the directors inserted in the minutes of the district a resolution that "we accept the recommendation of the engineers that the sewage treatment plant be considered complete as of October 3, 1961."

The directors of the district thereupon notified the appropriate state and federal authorities that the plant had been completed, and notified the general contractor that the contracts were "considered to be complete," but that "[a]s a condition of final acceptance," the directors requested that the contractor furnish the proof required by the general contracts that the work was free of liens. Meanwhile, as provided in the general contracts, the district continued to retain a percentage of the money, until it should finally "accept" the project.

Almost a year later, on October 2, 1962, the appropriate federal agency notified the district that all inspections had been completed and that the final payment could be released if the district "could advise us that the district has accepted this project."

On October 3, 1962, the district board of directors adopted a motion that the district "accept project known as PL 660."

On October 29, the supplier, who still was owed $3,419.50, filed its second notice of claim. (A previous notice which had been filed without the advice of counsel after the meeting of October 4, 1961, had been abandoned.)

The bondsman denied the claim on the ground that it had not been timely filed. The bondsman contended that the six months mentioned in ORS 279.526 had started to run when the board had passed its motion of October 4, 1961, declaring the project "complete,"

rather than when the board passed its motion on October 3, 1962, declaring the project "accepted."

The resolution adopted by the board on October 4, 1961, was an "affirmative action by the public body." The question is whether that resolution was intended to be an "acceptance of the work" for the purposes of starting the time running under ORS 279.526.

The defendant argues that, because it would otherwise have been an idle gesture, the declaration of the directors in 1961 that the work was "completed" was an "acceptance" under ORS 279.526. The defendant also says that the declaration of October 4, 1961, was an "acceptance" of the "work" as distinguished from an acceptance of the "project."

We believe that the resolution of October 4, 1961, may be read in a way which makes it neither an acceptance nor a meaningless gesture. It appears from the minutes of the district that the federal agency which was furnishing a substantial part of the money for the project would not undertake its inspection of the work until the work was "completed." This fact alone would be sufficient reason to explain why the directors might declare the work "completed" without necessarily declaring it "accepted."

We prefer not to engage in a definitional exercise which might cause the words "work" and "project" to be regarded as terms of art. Such a result could create unforeseen mischief for future litigants, and is not necessary to a decision in this case. We will treat the words "work" and "project" as referring to the same thing in this case.

By October 4, 1961, the general contractor had not performed its various contracts to the satisfaction of the district. (We deem it immaterial for the purposes of this case that the project was covered by five sepa-

rate contracts.) As it turned out, the general contractor had a number of conditions to meet, and final acceptance of the project was delayed for one year. Meanwhile, the district had not formally "accepted" any part of the project, and the supplier in the case at bar had not been paid.

■ It seems clear from such cases as *School Dist. No. 1 v. Rushlight & Co.*, 232 Or 341, 375 P2d 411 (1962), that doubtful questions concerning compliance with the statutory scheme of notice of claims against public-works bonds should be resolved in favor of the claimant.

Prior to 1957 the statute provided for the filing of a claim within six months after the "completion of the contract with an acceptance of the work by the affirmative action of the public body * * *." In 1957 the statute was amended to require "acceptance of the work by the affirmative action of the public body * * *." "Completion of the contract" was dropped out of the statute.

■ We are of the opinion that the 1957 statute requires the public body to "accept" the work by a final and unconditional "acceptance" in order to start the time running. It is not enough to acknowledge that the performance of the contract is complete. The prior statute may have permitted the interpretation placed upon the 1961 resolution by the trial court, but the amended statute appears to have made the completion date irrelevant and the acceptance date controlling. For cases requiring unconditional acceptance under a comparable statute, see *Graybar Electric Co., Inc. v. Manufacturers Casualty Co.*, 21 NJ 517, 122 A2d 624 (1956); *Paul H. Jaehnig, Inc. v. Standard Accident Ins. Co.*, 18 NJ Super 536, 87 A2d 558 (1952); *Williamsport Planing Mill Co. v. Maryland Casualty Co.*, 129 NJL

333, 29 A2d 731 (1943); and cases noted in 119 ALR 255, at 283 (1939).

■ The notice of claim was timely under ORS 279.526 as it now reads. Accordingly, the cause must be reversed and remanded. The claimant should be awarded judgment and attorney fees.

Reversed and remanded.