Argued June 6, reversed July 17, 1968

STATE ex rel UNION IRON WORKS, *Appellant, v.* P. S. LORD MECHANICAL
CONTRACTORS ET AL,
*Respondents.*

443 P. 2d 638

*William M. McAllister,* Portland, argued the cause for appellant. With him on the briefs was Cleveland C. Cory, Portland.

*Kenneth E. Roberts,* Portland, argued the cause for respondents. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson, and Ridgway K. Foley, Jr., Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

SLOAN, J.

Plaintiff brought this action to recover the unpaid contract price of materials it had furnished a subcontractor of defendant P. S. Lord Mechanical Contractors. Lord was the prime contractor with the State Board of Higher Education to enlarge a central heating plant of Oregon State University. Defendant Aetna Casualty and Surety Company had provided the performance bond. Plaintiff supplied boiler and supplemental equipment to a subcontractor who failed to pay the full contract price. This action against the two defendants is authorized by ORS 279.536. The case was tried to the court without a jury. The trial court held that the action had not been instituted within "two years after the acceptance of the work by the affirmative action of the public body which let the contract" as required by ORS 279.536(2).

The question at issue concerns an action of the State Board of Higher Education on March 13, 1962. On that date the Board received a report from an officer of the Board that the officer and other responsible representatives of the Board had inspected the work of the prime contractor, Lord, and had accepted it subject to certain additional items that were

still unfinished. The report to the Board also mentioned that the total cost of the work was still unsettled and could not be determined until final completion of the contract. The minutes of the Board's meeting of that date, March 13, 1962, state that "the Board confirmed the acceptance of the Central Heating Plant Addition."

It was not until almost a year later that the comptroller of the Board notified the defendant bonding company, Aetna Casualty and Surety Company, that the work had finally been satisfactorily completed and submitted an accounting to Aetna of the balance remaining unpaid.

The trial court held that the action of the Board on March 13, 1962, was an "affirmative action" of the Board declaring that the work was accepted. We do not read the court's decision as a finding of fact. It was an application of law to accepted facts.

We think the case is controlled by *Oak Lodge San. Dist. v. Gen. Ins. Co.*, 1965, 240 Or 103, 399 P2d 351. The clear impact of that decision, particularly in view of the authority cited and relied on in the opinion is that a conditional acceptance does not meet the requirements of the statute. The opinion states that the acceptance must be "final and unconditional." The Board's action of March 12, 1962, was subject to conditions that were not met until almost one year later. Such being the case, plaintiff's action was timely filed and the judgment dismissing the complaint must be reversed.