Submitted on record and briefs, April 2, affirmed
November 5, 1969

# STATE ex rel VIRGINIA GLASS PRODUCTS CORPORATION, *Respondent, v.* GLENS FALLS INSURANCE COMPANY ET AL, *Appellants.*

460 P 2d 858

Allen, Stortz, Pierson & Barlow, Salem, for appellants.

No appearance made by respondent.

PERRY, C. J.

The State Board of Control entered into a contract with one Willis A. Hill, as general contractor, for the construction of a Physical Rehabilitation Center at the Fairview Children's Home. Willis A. Hill sublet a portion of the work to the defendant Richard C. Wasson Company. The Wasson Company ordered and received from the Virginia Glass Products Corporation plate glass which was installed in the building. The Wasson Company failed to pay the sum of $1,308.01 upon this account.

This action was then brought by plaintiff to recover the sum of $1,308.01 from the defendants Willis A. Hill, the general contractor, Glens Falls Insurance Company as surety for the general contractor, and the Richard C. Wasson Company.

The work was substantially completed in early February, 1966. On February 4th the Oregon State

Board of Control inspected the building. On February 24, 1966, the Board of Control met and the minutes of that meeting disclose the following:

"The Board accepted as of the date of final inspection, February 4, 1966, the Physical Rehabilitation Center at Fairview Hospital, subject to the elimination of certain minor deficiencies."

On August 23, 1966, the plaintiff filed its claim with the Board.

The sole question involved is whether the plaintiff's claim was timely filed.

The defendants contend that the final acceptance by the Board of Control was February 4, 1966, and not February 24, 1966, as contended by the plaintiff.

The plaintiff prevailed in the trial court and the defendants appeal.

ORS 279.526 provides that one who has supplied labor or materials upon a public contract has a right of action on the contractor's bond if he files his notice of claim "prior to the expiration of six months immediately following the acceptance of the work by the *affirmative action* of the public body which let the contract." (Emphasis supplied.)

In *Oak Lodge San. Dist. v. Gen. Ins. Co.*, 240 Or 103, 399 P2d 351, we pointed out that the affirmative action of a public body as required by ORS 279.526 is the resolution of the Board.

■■ The only affirmative action of the public board in the matter before us occurred when the Board met on the 24th of February and voted the acceptance of the work.

As we interpret ORS 279.526, the affirmative action by the public body is as necessary to start the

time running as is an unqualified acceptance of the work performed. *Oak Lodge San. Dist. v. Gen. Ins. Co.,* supra.

We, therefore, hold that a public body may not retroactively start the time running. To hold otherwise would be to open the door for a public body to circumvent the statute.

The judgment of the trial court is affirmed.