No. 48,252

PHILLIP L. EAKES, *Appellant*, v. HOFFMAN-LAROCHE, INC., and HARTFORD INSURANCE GROUP, *Appellees*.

(552 P. 2d 998)

Opinion filed July 23, 1976.

*Howard Washburn*, of Kansas City, argued the cause, and was on the brief for the appellant.

*Walter Fuller, Jr.*, of Kansas City, argued the cause, and was on the brief for the appellees.

The opinion of the court was delivered by

PRAGER, J.: This is a workmen's compensation appeal by the claimant-appellant, Phillip L. Eakes, from the judgment of the district court holding that the director of workmen's compensation was without jurisdiction to review and modify an award entered on June 21, 1974. The appellees are the employer, Hoffman-LaRoche, Inc., and its insurance carrier, Hartford Insurance Group. The facts in the case are undisputed and are as follows: On December 28, 1973, the claimant, Eakes, sustained an accident arising out of and in the course of his employment with Hoffman-LaRoche, Inc. He lost no compensable time from his work and went to his

own doctor. He incurred medical expenses in the total amount of $173.30. On June 21, 1974, the claimant appeared without counsel before special examiner Frank Menghini. At this time he was fully and completely advised of his rights under the workmen's compensation act. The examiner was informed by the claimant that he had elected to pursue his rights against the negligent third party who caused the accident and that he desired to release his employer from any further liability for workmen's compensation because of the accident. The examiner advised the claimant that he had the right to pursue a claim under the workmen's compensation act and that he could also pursue his third-party action at the same time. Claimant was further advised that if he settled the workmen's compensation claim on the basis of payment of the medical and hospital expenses an award based thereupon would constitute a final and complete release of his employer and its insurance carrier from any further liability for claims arising from the accident. The examiner informed the claimant that if he was unsuccessful in his third-party action, under the law he would not be able to come back later and obtain workmen's compensation. The examiner suggested to claimant that it would be unwise for him to proceed on this basis. Claimant insisted that that was what he wanted to do. At the conclusion of the hearing the examiner made an award in favor of the claimant on the basis of payment of all medical and hospital expenses as read into the record. At that time all medical and hospital expenses had already been paid. No appeal was taken to the district court from the workmen's compensation award under K. S. A. 44-556, nor was any request for a review filed with the director under K. S. A. 44-551.

On February 18, 1975, the claimant Eakes filed a motion for review and modification under the authority of K. S. A. 44-528. The basis of his motion for review was that he did not have an attorney representing him at the time the award was entered and that the award was inadequate. He further asserted all the grounds set out in K. S. A. 44-528, including mutual mistake. The motion for review and modification was set for hearing. At that time the employer and its insurance carrier challenged the jurisdiction of the director on the basis that final payment for compensation had been made and therefore the workmen's compensation director had no power or jurisdiction to hear the motion. The examiner denied the motion for review and modification because of lack of jurisdiction.

The director and the district court both upheld the examiner's ruling. The claimant has appealed to this court.

The issue presented to this court on appeal is strictly one of law and requires a determination of the application of certain provisions of the workmen's compensation act which were amended effective July 1, 1974, only ten days after the workmen's compensation award was entered on June 21, 1974. On the date the award was entered K. S. A. 44-528 provided in pertinent part as follows:

"44-528. . . . At any time before but *not after the final payment has been made under or pursuant to any award* or modification thereof agreed upon by the parties, . . . it may be reviewed by the director for good cause shown upon the application of either party . . . and the director shall hear all competent evidence offered and if he shall find that the award has been obtained by fraud or undue influence, or that the award was made without authority, or as a result of serious misconduct, or that the award is excessive or inadequate or that the incapacity or disability of the workman has increased or diminished, the director may modify such award . . ." (Emphasis supplied.)

Under K. S. A. 44-528, which was effective on June 21, 1974, whenever a claimant accepted a final payment under an award, he thereby divested the director of any authority to review the award, regardless of the time of the filing of the petition for review. (*Everett v. Kansas Power Co.*, 160 Kan. 712, 165 P. 2d 595; *Bailey v. Skelly Oil Co.*, 153 Kan. 378, 110 P. 2d 746.) If K. S. A. 44-528 is controlling there is no question that the workmen's compensation director and his examiners had no jurisdiction to entertain the claimant's motion for review and modification since the employer and its insurance carrier had paid in full the medical and hospital expenses prior to the date the award was entered. The claimant, however, relies upon a 1974 amendment to 44-528 which now appears as K. S. A. 1975 Supp. 44-528 (*a*) and which in pertinent part now provides:

"44-528. . . . (*a*) Any award or modification thereof agreed upon by the parties, whether said award provides for compensation into the future or whether it does not, may be reviewed by the director for good cause shown upon the application of the workman, employer, dependent, insurance carrier of any other interested party. . . ."

The pertinent change in 44-528 (*a*), from the claimant's point of view, is the deletion of the phrase "at any time before but not after the final payment has been made." This amendment became effective July 1, 1974, and if applicable to the present case would have permitted claimant to file a motion for a review and modification

even though he had accepted final payment under a workmen's compensation award. The 1974 legislature amended many sections of the workmen's compensation act providing for substantial changes not only affecting matters of procedure but also substantive rights of the parties under the workmen's compensation act. Included among these revisions was an amendment to K. S. A. 44-505 (c) which provided as follows:

"This act shall not apply in any case where the accident occurred prior to the effective date of this act. All rights which accrued by reason of any such accident shall be governed by the laws in effect at that time."

The basic issue to be determined on the appeal is whether K. S. A. 44-528 should be applied or rather the amended statute K. S. A. 1974 Supp. 44-528. Simply stated it is the position of the claimant that the amended statute should be applied to his case since the amendment of 1974 was procedural and not substantive in nature. The employer and its insurance carrier take the position that K. S. A. 44-528 which was effective on June 21, 1974, the date on which the award was entered, is the applicable statute. They contend that the amendment to 44-528 was, in fact, substantive in nature and not procedural, and therefore cannot be applied retroactively to breathe life into the workmen's compensation claim of Eakes which had become final and not subject to review on July 1, 1974, when the new statute became effective.

We have concluded that under established principles of law the amendment effective July 1, 1974, should not be applied retroactively to afford the relief which the claimant seeks in this case. The general rule followed in this jurisdiction is that a statute will operate prospectively rather than retrospectively unless its language clearly indicates that the legislature intended the latter, and that retrospective application will not be given where vested rights will be impaired. (*Johnson v. Warren*, 192 Kan. 310, 387 P. 2d 213; *Ward v. Marzolf Hardwood Floors, Inc.*, 190 Kan. 809, 378 P. 2d 80; *Pinkston v. Rice Motor Co.*, 180 Kan. 295, 303 P. 2d 197; *Ellis v. Kroger Grocery Co.*, 159 Kan. 213, 152 P. 2d 860, 155 A. L. R. 546.) The application of an amendment to the workmen's compensation act to injuries occurring prior to the effective date of the amendment was before the court in *Lyon v. Wilson*, 210 Kan. 768, 443 P. 2d 314. *Lyon* involved an amendment to K. S. A. 44-501 relating to coronary or coronary artery disease or cerebrovascular injuries. In holding that the amendment had no retrospective application the court said:

"The liability of an employer to an injured employee arises out of contract between them, and the terms of a statute are embodied in that contract. The injured employee must therefore recover on the contract, and his cause of action accrues on the date of the injury. The substantive rights between the parties are determined by the law in effect on the date of the injury. Amendments to the compensation act which are merely procedural or remedial in nature, and *which do not prejudicially affect substantive rights of the parties,* apply to pending cases. . . ." (p. 774.) (Emphasis supplied.)

As a general rule retroactive construction will not be given a statute so as to impose liabilities not existing at the time of its passage. (82 C. J. S. Statutes § 418, citing cases from other jurisdictions in support of the rule.) Retrospective operation of statutes was treated at some length in *State, ex rel., v. Public Service Comm.,* 135 Kan. 491, 11 P. 2d 999, wherein the reparation act of 1929 (Laws of 1929, Ch. 223), as enacted, affected shipping contracts between shippers and common carriers. It was held invalid insofar as its retroactive aspects violated the provision of the federal constitution which forbids the state to pass any law impairing the obligation of contracts. In the text of the opinion Justice Dawson speaking for the court reviewed many of the cases dealing with retrospective legislation. Insofar as pertaining to the instant case he stated the rule to be as follows:

". . . retrospective legislation which attempts to impair vested rights or deprive a private litigant of a right he had at the time the later statute was enacted cannot be enforced. . . . (citing cases)" (p. 503.)

The rule is recognized in *Johnson v. Warren,* supra, involving an amendment to the workmen's compensation act, and also in *Davis, Administrator v. Union Pacific Railway Co.,* 206 Kan. 40, 476 P. 2d 635.

In cases in jurisdictions where workmen's compensation review statutes have been amended so as to allow a review of a workmen's compensation award where under the previous statute no review could be had, the majority of the courts have held that such an amendment cannot be applied retrospectively to cases where at the time the amendment became effective the workmen's compensation award had already became a finality and not subject to further review or modification. The rationale of the majority rule is that a final decree in a workmen's compensation case is final as in any other case. An annotation on the subject may be found in 165 A. L. R. 515, where cases from other jurisdictions are set forth.

The factual situation involved in the case now before us is comparable to cases where a cause of action has been barred by a statute

of limitation and the limitation statute is later amended to lengthen the period in which such an action may be brought. The rule followed throughout the United States in the majority of jurisdictions is that amendments to statutes of limitation will not be applied retroactively to causes of action already barred. The Kansas cases pertaining to statutes of limitation have followed the majority rule. In *Bowman, et al., v. Cockrill,* 6 Kan. 311, this court stated in the opinion that after a cause of action is once barred by a statute of limitations it is not in the power of the legislature to revive it by subsequent legislation. The rule has also been followed in *Keith v. Keith,* 26 Kan. 26; *Terrill v. Hoyt,* 149 Kan. 51, 87 P. 2d 238; and *Rostocil v. United Oil & Gas Royalty Ass'n,* 177 Kan. 15, 274 P. 2d 761.

When we apply the general principles of law set forth above to the factual circumstances in the present case, it logically follows that K. S. A. 1974 Supp. 44-528 should not be applied retrospectively to permit the filing of a motion for review and modification in a workmen's compensation case where the award had become final and not subject to review and modification at the time the amendment became effective. In our judgment the rights of the parties in this case had become vested prior to the effective date of the amended statute K. S. A. 1974 Supp. 44-528 and hence the amendment should not be given retrospective application. There is nothing in the statute to indicate clearly that the legislature intended the amendment to be applied retrospectively and under the general rule cited above it should not be so construed.

The only case which claimant cites in his brief in support of his position is *Pinkston v. Rice Motor Co.,* supra. *Pinkston* involved an amendment to G. S. 1949 44-520a which increased from eight months to one year the time for serving a claim for workmen's compensation death benefits upon an employer. The amendment became effective subsequent to the death of the employee involved but at a time when the eight-month period under the former statute for filing claims had not yet expired. In *Pinkston* the court ruled that the amendment was procedural in nature and that the amended statute was applicable. The situation in *Pinkston* was not the same as that involved in the present case. There the workmen's compensation award had not become a finality but was an existing viable claim at the time the amendment increasing the time for filing the claim became effective. Under the circumstances it can-

not be said that the rights of the parties in *Pinkston* had become vested. Hence the amendment being procedural in nature and not prejudicing substantial rights of the parties could be applied retrospectively to existing claims not yet barred under the prior statute.

For the reasons set forth above the judgment of the district court is affirmed.