No. 49,817

DANIEL A. NITCHALS, *Plaintiff-Appellee,* v. PRESTON ROBERT WIL-LIAMS, *Defendant-Appellee,* and AMERICAN FAMILY MUTUAL IN-SURANCE CO., *Intervenor-Appellant.*

No. 49,977

LELAND G. SPECHT and ALICE E. SPECHT, *Plaintiffs-Appellees,* v. DAVID V. HUNTLEY, *Defendant-Appellee,* and FARMERS INSUR-ANCE COMPANY, INC., *Intervenor-Appellant.*

No. 49,735

CAROLYN R. DRAKE, *Plaintiff-Appellee,* v. ROBERT SCHNELLE, *Defendant-Appellee,* and M.F.A. INSURANCE COMPANY, *Intervenor-Appellant.*

No. 50,496

GERALD E. THOMAS, *Plaintiff-Appellant,* v. ROBERT E. EARNSHAW, *Defendant-Appellee,* and STATE FARM MUTUAL AUTOMOBILE IN-SURANCE COMPANY, *Intervenor-Appellee.*

(590 P.2d 582)

Case No. 49,817

Opinion filed February 12, 1979.

*John C. Tillotson,* of Murray and Tillotson, Chartered, of Leavenworth, argued the cause and was on the brief for the appellant.

*Donald Vasos,* of Kansas City, argued the cause, and *Thomas M. Dawson* and *Ethan Potter,* of Leavenworth, were with him on the brief for the appellee.

*Robert L. Howard,* of Foulston, Siefkin, Powers, and Eberhardt, of Wichita, was on the *amicus curiae* brief for State Farm Mutual Automobile Insurance Company.

Case No. 49,977

Opinion filed February 12, 1979.

*John A. Bausch,* of Ascough, Bausch, and Eschmann, of Topeka, argued the cause and was on the brief for the appellant.

*James C. Wright,* of Shaw, Hergenreter, Quarnstrom, and Wright, of Topeka, argued the cause and was on the brief for the appellee.

Case No. 49,735

Opinion filed February 12, 1979.

*Harold E. Doherty,* of Topeka, was on the brief for the appellant.

*Eugene C. Riling,* of Riling, Burkhead, and Rhudy, Chartered, of Lawrence, was on the brief for the appellee.

*Robert E. Keeshan,* of Scott, Quinlan, and Hecht, of Topeka, was on the *amicus curiae* brief for the Kansas Trial Lawyers Association.

Case No. 50,496

Opinion filed February 12, 1979.

The opinion of the court was delivered by

PRAGER, J.: This opinion has been written to determine four separate cases on appeal in this court, each involving the same basic issue. The cases were argued to the court and submitted during the week of January 15, 1979. In each of the cases, the appeal was from a judgment of the district court construing certain provisions of the Kansas automobile injury reparations act, commonly referred to as the no-fault insurance law. (K.S.A.

1975 Supp. 40-3101 *et seq.,* as amended.) We have considered all of the excellent briefs filed by counsel in the four cases. Each of the cases involves a dispute between an insured and his insurance carrier over the payment of attorney fees assessed by the trial court against the insurance company after a recovery of damages was obtained by the insured from a third-party tortfeasor.

The controversy in each case arose as an aftermath of the decision of this court in *Easom v. Farmers Insurance Co.,* 221 Kan. 415, 560 P.2d 117 (1977). There the court construed K.S.A. 1975 Supp. 40-3113 which provided in pertinent part as follows:

"**40-3113. Insurer's or self-insurer's rights of reimbursement and indemnity.  .  .  .**

"(*a*) No subtraction from personal injury protection benefits shall be made because of the value of a claim in tort based on the same bodily injury, but after recovery of damages by judgment, settlement or otherwise is realized upon any such tort claim, a subtraction shall be made to the extent of the recovery, less reasonable attorney's fees and other reasonable expenses incurred in effecting the recovery, but only to the extent that the injured person has recovered damages from the tortfeasor or his insurer or insurers, which are duplicative of personal injury protection benefits payable. If personal injury protection benefits have already been received, the claimant shall repay to the insurer or insurers out of any such recovery a sum equal to the benefits received, but no more than the recovery, exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery, but only to the extent that the injured person has recovered said damages from the tortfeasor or his insurer or insurers which are duplicative of personal injury protection benefits received. The injured person's insurer or insurers shall have a lien on such recovery to this extent. No recovery of damages by an injured person or his estate shall be subtracted by an insurer in calculating benefits due after such person's death resulting from an injury for which the benefits were payable, and no recovery under K.S.A. 1973 Supp. 60-1903 shall be subtracted in calculating funeral benefits."

It should be noted that subsection (*a*) grants to an insurance carrier, which has paid personal injury protection (PIP) benefits, the right of reimbursement and indemnity in the event the injured insured thereafter recovers damages by way of judgment, settlement, or otherwise from a third-party tortfeasor. In *Easom,* the primary question before the court was whether, under 40-3113, a PIP carrier was entitled to the complete reimbursement of all PIP benefits paid to the insured, in the event the insured later recovered damages against a tortfeasor, without deduction of a proportionate share of the attorney fees and expenses incurred by the insured in obtaining the recovery from the tortfeasor. In

*Easom,* this court, by a four-to-three decision, construed K.S.A. 1975 Supp. 40-3113(*a*) as providing that, when an insured plaintiff recovers damages against the tortfeasor in an amount in excess of the PIP benefits paid to the plaintiff by the PIP carrier, the PIP carrier is entitled to full reimbursement out of the insured's recovery for all PIP benefits paid without a reduction for any part of the attorney fees and expenses incurred by the insured. 221 Kan. at 431-433. The majority opinion in *Easom* agreed with the insured's counsel that the statute, as interpreted, appeared to work an injustice where the claimant has borne the expense of discovery depositions and attorney fees necessary to bring about a settlement, while the insurer has sat on the sidelines, yet reaped the benefits of reimbursement. The effect of *Easom* was to give the PIP carrier a free ride whenever the insured proceeded against a third party.

Apparently in response to the court's interpretation of 40-3113 in *Easom,* the 1977 legislature, which was in session when *Easom* was decided, repealed K.S.A. 1975 Supp. 40-3113 and, in its place, enacted K.S.A. 1977 Supp. 40-3113a, which provides in pertinent part as follows:

"**40-3113a. Remedy against a tortfeasor, insurer or self-insurer subrogated, when; credits against future payments; limitation of actions; attorney fees.** (*a*) When the injury for which personal injury protection benefits are payable under this act are caused under circumstances creating a legal liability against a tortfeasor pursuant to K.S.A. 1977 Supp. 40-3117, the injured person, his or her dependents or personal representatives shall have the right to pursue his, her or their remedy by proper action in a court of competent jurisdiction against such tortfeasor.

"(*b*) In the event of recovery from such tortfeasor by the injured person, his or her dependents or personal representatives by judgment, settlement or otherwise, the insurer or self-insurer shall be subrogated to the extent of duplicative personal injury protection benefits provided to date of such recovery and shall have a lien therefor against such recovery and the insurer or self-insurer may intervene in any action to protect and enforce such lien. Whenever any judgment in any such action, settlement or recovery otherwise shall be recovered by the injured person, his or her dependents or personal representatives prior to the completion of personal injury protection benefits, the amount of such judgment, settlement or recovery otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

. . . . . . . . . . . . . . .

"(*e*) Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the insurer or self-insurer and the injured person, his or her dependents or personal representatives in the amounts determined by the court."

It should be noted that the right of reimbursement and indemnity under the old statute was transformed into a right of subrogation under subsections (*b*) and (*d*) of the new statute. In addition, the legislature enacted the new subsection, K.S.A. 1977 Supp. 40-3113a(*e*), which, in effect, requires the PIP insurer to pay a proportionate share of the attorney fees which were incurred by the insured in obtaining a judgment or settlement against a third-party tortfeasor. The effective date of the new statute was July 1, 1977.

At the time the new statute became effective on July 1, 1977, there were many personal injury claims pending under no-fault insurance policies for personal injuries suffered by the insured prior to that date. Following the amendment of the statute, numerous controversies arose between PIP insurance carriers·and their insureds as to whether K.S.A. 1977 Supp. 40-3113a should be applied only prospectively to cases involving personal injuries occurring after its effective date, July 1, 1977, or be applied retrospectively to pending cases where the injury occurred prior to July 1, 1977, but the recovery from the tortfeasor was not obtained until after July 1, 1977. In three of the cases now before us, the trial court applied the statute retrospectively to pending cases where the injury occurred and PIP benefits were paid prior to July 1, 1977, but where a recovery by the injured insured was obtained from the third-party tortfeasor after July 1, 1977. In those cases the PIP carrier, as intervenor in the personal injury suit filed against the third party, has appealed to this court contending that the trial court erred in holding that the new statute should be applied retrospectively. In the other case (*Thomas v. Earnshaw, et al.,* No. 50,496) the trial court refused to apply the statute retrospectively and the insured has appealed.

The intervenor insurance companies take the position that K.S.A. 1977 Supp. 40-3113a and its predecessor involve substantive rights and that a retrospective application of the new statute would impair the contractual rights of the parties which they claim had vested prior to the effective date of the statute. The intervenors contend that the statutory right of *full* reimbursement, undiminished by attorney fees, was incorporated into the insurance contract negotiations between each insurance company and its policyholder. They further maintain that the statutory

right of reimbursement under the old statute vested either at the time of the injury or at the time of payment of PIP benefits by the insurer to the insured. Hence, they argue that the new statute must be applied prospectively and only to cases where the insured suffered injury or PIP benefits were paid after the effective date of the 1977 amendment.

The various insureds maintain that the new statute, K.S.A. 1977 Supp. 40-3113a, which provides for an apportionment of attorney fees, is merely procedural or remedial in nature and should be applied retrospectively to pending litigation. They further contend that the PIP carrier's right of reimbursement under the old statute or its right to subrogation under the new statute does not become a vested right until the insured obtains a recovery of damages by judgment, settlement, or otherwise against the third-party tortfeasor. Hence, they reason that the new statute should be applied retrospectively to cases in which the insured *recovered* damages from the third party on or after July 1, 1977, even though the injury or payment of PIP benefits predated the effective date of the new statute.

It would be helpful to consider first some of the basic rules of statutory construction which are applied in determining whether a statute should be construed to operate prospectively or retrospectively. The general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates that the legislature intended that it operate retrospectively. *Eakes v. Hoffman-LaRoche, Inc.,* 220 Kan. 565, 568, 552 P.2d 998 (1976); *Johnson v. Warren,* 192 Kan. 310, 314, 387 P.2d 213 (1963); *Ellis v. Kroger Grocery Co.,* 159 Kan. 213, 217, 152 P.2d 860 (1944). A number of cases declare that the preceding rule mandates that a statute is not to be given retrospective application unless the intent of the legislature is "clearly" and "unequivocally" expressed. *Lyon v. Wilson,* 201 Kan. 768, 443 P.2d 314 (1968); *In re Estate of Brown,* 168 Kan. 612, 215 P.2d 203 (1950); *International Mortgage Trust Co. v. Henry,* 139 Kan. 154, 30 P.2d 311 (1934); *Barrett v. Montgomery County,* 109 Kan. 685, 201 Pac. 1098 (1921); *Douglas County v. Woodward,* 73 Kan. 238, 84 Pac. 1028 (1906). This rule of statutory construction is normally applied when an amendment to an existing statute or a new statute is enacted which creates a new liability not existing before under the law or which changes the substantive rights of

the parties. The rule has been applied to statutory changes affecting the contractual rights of parties under existing insurance policies. See, for example, *Lightner v. Insurance Co.,* 97 Kan. 97, 154 Pac. 227 (1916), where a statute made a radical change in the law governing the forfeiture or cancellation of a life insurance policy. See also *Bank Savings Life Ins. Co. v. Baker,* 120 Kan. 756, 244 Pac. 862 (1926).

Another rule of statutory construction, relevant to the issue, is found at K.S.A. 77-201, which states:

"In the construction of the statutes of this state the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute:

"*First.* The repeal of a statute does not . . . affect any right . . . [nor] any duty imposed . . . under or by virtue of the statute repealed."

This statute, relied upon by the intervenor insurance companies, is consistent with the rules of construction set forth in the cases cited above.

The general rule of statutory construction just discussed is modified, however, where the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties. *Crow v. City of Wichita,* 222 Kan. 322, 566 P.2d 1 (1977); *Eakes v. Hoffman-LaRoche, Inc.,* 220 Kan. at 569; *Lyon v. Wilson,* 201 Kan. at 768. The rule is stated in *Jones v. Garrett,* 192 Kan. 109, 386 P.2d 194 (1963), as follows:

"It is the law of this state that a statute which merely changes a remedy is not invalid, as there are no vested rights in any particular remedy. While generally statutes will not be construed to give them retroactive application unless it appears that such was the legislative intent, nevertheless when a change of law merely affects the remedy or law of procedure, all rights of action will be enforced under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether or not the suit has been instituted, unless there is a saving clause as to existing litigation." (p. 115.)

In *Jones,* the court defined "procedure and practice" as the mode of proceeding by which a legal right is enforced.

It is clear that a statutory right of an insurance company to reimbursement for insurance benefits paid, where the insured recovers from a third party, is a substantive legal right. *Insurance Co. v. Cosgrove,* 85 Kan. 296, 116 Pac. 819 (1911), affirmed on rehearing 86 Kan. 374, 121 Pac. 488 (1912). Conceding that the right of reimbursement for PIP benefits paid provided in both the old and the new statute is substantive in nature, it becomes

necessary to determine whether 40-3113a($e$), which allows the apportionment of attorney fees between the PIP insurer and insured, is merely a change in an existing remedy or a statutory change which alters a vested substantive right. In similar cases, the courts have usually held that statutory changes allowing the recovery of attorney fees and expenses of litigation are procedural or remedial in nature and, therefore, may be applied retrospectively to pending cases. This position has been taken in a number of cases, involving the relative rights of insurance companies and their insureds, where a statute has been enacted providing for the recovery of attorney fees in certain actions brought to recover on an insurance policy.

A case in point is *Spicer v. Benefit Ass'n of Ry. Emp.*, 142 Or. 588, 21 P.2d 187 (1933). In *Spicer,* the Oregon legislature enacted a statute subjecting an insurance company to the payment of attorney fees to a successful plaintiff in an action on an insurance policy. The issue presented in the case was whether the new statutory provision for attorney fees should be applied prospectively or retrospectively. The Supreme Court of Oregon held that the statute dealt with a matter of procedure or remedy and, therefore, should be applied retrospectively to actions on policies of insurance written prior to its enactment. The insurance company attacked the retrospective application of the statute on the basis that it impaired the obligation of existing insurance contracts. This contention was rejected by the court. It stated that no person has a vested right in any particular mode or remedy and that authority for the allowance of attorney fees fell into that category. *Spicer* is the lead-in case for an annotation on the subject of the "Validity of Statutory Provision for Attorneys' Fees" found at 90 A.L.R. 530. At page 537 of the annotation, a number of cases from various jurisdictions are cited holding that the fact that enactments awarding attorney fees operate retrospectively will not render them unconstitutional as impairing the obligation of contracts or vested rights. The rationale of the decision in these cases is that statutes providing for the recovery of attorney fees affect the remedy only and do not change the liability provided for in the contract.

A similar position was taken in *Igoe Brothers v. National Surety Co.*, 112 N.J.L. 243, 169 A. 841 (1934), which held that a statute providing for the allowance of a reasonable attorney fee to be

taxed as costs in actions brought against the surety on a contractor's bond did not impair contractual obligations when applied to a surety on a contractor's bond executed before the statute was enacted. The surety argued that retrospective application of the statute would impair his vested rights under the surety bond. The court rejected this argument, holding that the statutory change was merely procedural, rather than substantive in nature. *Igoe Brothers* is reported as a part of an annotation on the subject at 96 A.L.R. 1428. That annotation cites cases from many jurisdictions upholding the retrospective application of statutes authorizing the taxation of attorney fees as part of the costs in various types of actions.

The Kansas cases also support the proposition that a statute which authorizes the recovery of attorney fees in litigation is procedural or remedial in nature, and when a change in the law permits the recovery of attorney fees, it may be applied retrospectively to pending cases. In *City of Wichita v. Chapman,* 214 Kan. 575, 521 P.2d 589 (1974), this court held that a statute authorizing the allowance of attorney fees to the landowner in eminent domain cases where the condemner appeals and the jury returns a verdict greater than the appraisers' award merely changed the remedy or law of procedure and was applicable to actions pending when the new statute became effective. The amendment in *Chapman* gave the trial court the discretionary power to include the landowner's attorney fees as part of the costs of the action to be charged to the governmental agency. The court concluded that the newly-enacted provision did not attempt to create a new vested right or change the substantive law. The statute merely changed the remedy or law of procedure. Although the new statute had the practical effect of increasing the amount of money to be paid by the governmental agency, the court applied the statute retrospectively to pending actions.

*Crow v. City of Wichita,* 222 Kan. at 322, involved a statutory change in the workmen's compensation act that, for the first time, provided for the allowance of attorney fees incurred by the workman in actions under K.S.A. 44-512a to recover compensation due and unpaid. The issue was whether the new statute should be applied retrospectively to cases in which workmen's compensation had been allowed prior to the effective date of the act. The court held that the statutory change was remedial in

character and did not operate to impair vested rights of either the workman or the employer and should be applied retrospectively to pending cases.

From the authorities set forth above, we have concluded that K.S.A. 1977 Supp. 40-3113a(*e*) involves a matter of procedure or remedy and should be applied retrospectively unless it can be said that a retrospective application of the statute would impair *vested* substantive rights of the insurance carrier. The answer to this question must depend on the point in time when the right of the insurance carrier to "reimbursement" under the old statute, or to "subrogation" under the new statute, accrued or became a vested right. The insurance companies take the position that the right of a PIP carrier to reimbursement or subrogation under the statute becomes fixed or vested either on (1) the date the policy was issued, (2) the date the insured suffered personal injuries, or (3) the date the PIP carrier paid the insured PIP benefits. We have analyzed both the old and new statutes and have concluded that in each of them the PIP carrier's right to reimbursement or subrogation accrues or becomes vested only after a recovery by the insured from the third-party tortfeasor by judgment, settlement, or otherwise. Under the former statute, K.S.A. 1975 Supp. 40-3113, no subtraction from PIP benefits is to be made because of the value of a claim in tort based upon the same bodily injuries. A subtraction shall be made, however, *after recovery of damages* by judgment, settlement, or otherwise by the injured insured. It is obvious that no right of reimbursement accrues to the insurance carrier simply because an injury has occurred or PIP benefits are paid. Clearly the event which brings into existence the PIP carrier's right of reimbursement is the recovery of damages by the insured. The same conclusion must be reached from the language used in the new statute, K.S.A. 1977 Supp. 40-3113a. Under the new statute, the right of the PIP carrier to subrogation arises only "in the event of recovery from such tortfeasor by the injured person."

We have concluded that in cases where the recovery of damages by the insured against the third-party tortfeasor occurs after July 1, 1977, the new statute, K.S.A. 1977 Supp. 40-3113a(*e*), is applicable, even though the injury to the insured occurred or PIP benefits were paid by the PIP carrier prior to July 1, 1977. In all of the cases now before us, the insurance companies involved had

no vested contractual rights prior to July 1, 1977, because in none of the cases had the insured obtained a recovery of damages from the third-party tortfeasor prior to that date. In three of the cases now before us (*Nitchals, Specht,* and *Drake*) the trial court held that K.S.A. 1977 Supp. 40-3113a(*e*) should be applied retrospectively in all pending no-fault insurance cases where the insured had not yet obtained a recovery from the tortfeasor "by judgment, settlement, or otherwise" prior to July 1, 1977. In those cases the district court properly construed the statute and reached the right result. In *Thomas* the district court, holding to the contrary, was in error.

The judgment of the district court in *Drake* (No. 49,735), *Nitchals* (No. 49,817), and *Specht* (No. 49,977) is affirmed. The judgment of the district court in *Thomas* (No. 50,496) is reversed and remanded for further proceedings.