(626 P.2d 795)
No. 51,435

Hawkeye Security Insurance Company, *Appellant,* v. Richard Nelson and Hessie Nelson, *Appellees.*

Opinion filed April 17, 1981.

*Thomas R. Larson,* of Morris, Larson, King, Stamper and Bold, of Kansas City, Missouri, and *Dennis L. Horner,* of Kansas City, Kansas, for appellant.

*J. William Stapleton,* of Kansas City, Kansas, for appellees.

Before Justice McFarland, presiding, Spencer, J., and Ron Rogg, Associate District Judge, assigned.

McFarland, J.: This is an action by an insurance carrier against its injured insured seeking reimbursement of personal injury protection (PIP) benefits paid to the insured, said insured having settled her claim with the third-party tort-feasor. The trial court held in favor of the insured and the insurance carrier appeals.

The facts herein are as follows. On August 12, 1975, defendant Hessie Nelson, while operating a 1969 Ford Galaxie automobile, was injured in a collision with an automobile owned by the Siemens Corporation and being operated by its employee, Jason D. Patrick. The Nelson vehicle was owned by defendant Richard Nelson and insured by him with plaintiff Hawkeye Security Insurance Company. At the time of the collision defendant Hessie Nelson, wife of defendant Richard Nelson, was a permissive user of the vehicle and hence an insured under the provisions of the policy.

In November, 1976, defendant Hessie Nelson (henceforth referred to as defendant) filed a claim with Hawkeye for PIP benefits. Hawkeye subsequently made PIP benefit payments in the amount of $1,231.90. In late February, 1977, defendant settled with the third party and its insurance carrier for $2,500. On July 6, 1977, Hawkeye put the third-party insurance carrier on

notice that PIP benefits had been paid. The present action is by Hawkeye against its insured for reimbursement of PIP benefits. Neither the third party nor its insurance carrier is a party to this action. The trial court entered judgment in favor of defendant on the rationale that Hawkeye's failure to give notice to the third-party insurance carrier until after the settlement precluded Hawkeye's recovery against the defendant injured insured. The sole issue on appeal is the propriety of that determination.

The settlement herein was made prior to July 1, 1977, the effective date of the present statute, K.S.A. 1980 Supp. 40-3113a. Hence, the statute in effect at the time of the settlement must be applied. See *Nitchals v. Williams,* 225 Kan. 285, 590 P.2d 582 (1979). The applicable statute then is K.S.A. 1976 Supp. 40-3113, which is reproduced in relevant part as follows:

"An insurer's or self-insurer's rights of reimbursement and indemnity shall be as follows:

"(*a*) No subtraction from personal injury protection benefits shall be made because of the value of a claim in tort based on the same bodily injury, but after recovery of damages by judgment, settlement or otherwise is realized upon any such tort claim, a subtraction shall be made to the extent of the recovery, less reasonable attorney's fees and other reasonable expenses incurred in effecting the recovery, but only to the extent that the injured person has recovered damages from the tortfeasor or his insurer or insurers, which are duplicative of personal injury protection benefits payable. If personal injury protection benefits have already been received, the claimant shall repay to the insurer or insurers out of any such recovery a sum equal to the benefits received, but no more than the recovery, exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery, but only to the extent that the injured person has recovered said damages from the tortfeasor or his insurer or insurers which are duplicative of personal injury protection benefits received. The injured person's insurer or insurers shall have a lien on such recovery to this extent. No recovery of damages by an injured person or his estate shall be subtracted by an insurer in calculating benefits due after such person's death resulting from an injury for which the benefits were payable, and no recovery under K.S.A. 1973 Supp. 60-1903 shall be subtracted in calculating funeral benefits.

"(*b*) An insurer having a right of reimbursement under this section, if suffering loss from inability to collect such reimbursement out of a payment received by an injured person upon a tort claim, is entitled to indemnity from one who, with notice of the insurer's interest, made such payment to the injured person without making the injured person and the insurer joint payees, as their interests may appear, or without obtaining the insurer's consent to a different method of payment."

Section (*a*) of the above statute concerns an insurer's right to *reimbursement* from its insured. Section (*b*) concerns an insurer's

right to *indemnity* from a third party making payment to the injured insured. If the third party makes payment solely to the injured insured after having been notified of the insurer's interest, then the third party must indemnify the insurer. This results in the third party paying twice on the portion of the claim for which PIP benefits were paid by the injured person's insurance carrier.

In the case before us, section (*b*) of the statute is clearly not applicable. Hawkeye is not seeking indemnity from the third party paying the settlement. Accordingly, the failure of Hawkeye to notify the third party of its interest prior to settlement is wholly irrelevant to the action herein. Notice to the third party is not a condition precedent to an insurer's reimbursement from its injured insured under section (*a*) of the statute. We conclude the trial court erred in holding that Hawkeye's failure to notify the third party precluded Hawkeye's recovery from the defendant injured insured.

The judgment is hereby reversed and remanded with directions to the trial court to determine how much of the settlement received by defendant was duplicative of PIP benefits paid to her by Hawkeye and enter judgment therefor in favor of Hawkeye, all in accordance with the rules set forth in *Easom v. Farmers Insurance Co.,* 221 Kan. 415, 560 P.2d 117 (1977).