**BENEDICTINE COLLEGE, INC., Plaintiff,**

v.

**CENTURY OFFICE PRODUCTS, INC., Nodaway Valley Bank, and General Electric Capital Corp., Defendants.**

**Civ. A. No. 92–2434–GTV.**

United States District Court, D. Kansas.

Oct. 26, 1994.

See also, 866 F.Supp. 1323.

---

Martin J. Asher, Duncan, Senecal & Asher, Chartered, Atchison, KS, John G. Mazurek, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, for Benedictine College Inc.

Kenneth F. Crockett, Topeka, KS, for Century Office Products, Inc.

Mark D. Hinderks, Stinson, Mag & Fizzell, Overland Park, KS, Mark A. Shaiken, Stinson, Mag & Fizzell, Kansas City, MO, Lisa C. Creighton, Sprint Communications Co. L.P., Law Dept., Kansas City, MO, for Nodaway Valley Bank.

Dennis R. Dow, Todd Ruskamp, Timothy E. Congrove, Shook, Hardy & Bacon, Kansas City, MO, for G.E. Capital.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on the motion of General Electric Capital Corp. (GECC) for an award of attorneys fees and expenses (Doc. 74). For the reasons set forth below, the motion is granted.

Benedictine College, Inc. (Benedictine), filed this action in the District Court of Atchison County, Kansas, and the case was subsequently removed to this court. Benedictine sought a judgment that certain lease agreements executed by Benedictine and later assigned to GECC and Nodaway Valley Bank (Nodaway) were unenforceable and terminable by Benedictine. GECC and Nodaway asserted counterclaims against Benedictine for breach of contract and requested judgment against Benedictine for all amounts due under the equipment leases, plus reasonable attorneys fees and expenses.

On May 18, 1994, this court entered a Memorandum and Order granting the summary judgment motions of GECC and Nodaway with respect to their counterclaims against Benedictine. A Journal Entry of Judgment, in which GECC was awarded $128,150.37 against Benedictine, was entered on June 7, 1994. Because GECC's entitlement to attorneys fees and expenses was not specifically raised in Benedictine's response to GECC's summary judgment motion, the court reserved ruling on that issue.

GECC's claim for attorneys fees and expenses is based on the terms of the equipment lease agreement entered into by Benedictine on August 19, 1992, and later assigned to GECC. Paragraph 17 of that document provides, "Lessee [Benedictine] agrees to pay Lessor all costs and expenses, including reasonable attorneys' fees, incurred by Lessor in exercising any of its rights or remedies hereunder or enforcing any of the terms and conditions of this lease."

In its motion for award of attorneys fees and expenses, filed on June 14, 1994, GECC claims a total of $19,834.25 in attorneys fees, related to this litigation, incurred and paid from November, 1992, through May, 1994. GECC also claims expenses totalling $3,036.05 during that period, for a total of $22,870.30 in attorneys fees and expenses through May, 1994. On August 12, 1994, GECC filed a supplement to its motion in which it claims an additional $6,235.97 in attorneys fees incurred by GECC for the period June 1, 1994, through July 31, 1994. These additional fees are related responding to Benedictine's objection to the motion for attorneys fees and expenses and to Benedictine's motion for reconsideration of this court's entry of summary judgment. Thus,

GECC is claiming a total of $29,106.27 in fees and expenses.

Benedictine has not objected to the reasonableness of the claimed attorneys fees and expenses. The court has reviewed the documentation provided by GECC with its motion and supplement and find that the claimed fees and expenses are reasonable.

Benedictine does object, however, to the award of any attorneys fees and expenses on the ground that such an award is expressly prohibited by Kansas statute. The parties appear to agree that Kansas substantive law applies to questions related to interpretation and enforcement of the lease agreement. The statute, which was in effect until July 1, 1994, provided that:

> Hereafter it shall be unlawful for any person or persons, company, corporation or bank, to contract for the payment of attorney's fees in any note, bill of exchange, bond or mortgage; and any such contract or stipulation for the payment of attorney's fees shall be null and void; and that hereafter no court in this state shall render any judgment, order or decree by which attorney's fees shall be allowed or charged to the maker of any promissory note, bill of exchange, bond, mortgage, or other evidence of indebtedness by way of fees, expenses, costs or otherwise.

K.S.A. § 58–2312.

The Kansas Legislature amended this statute by Senate Bill No. 564 which was signed by the Governor on April 25, 1994, and became effective on July 1, 1994. As amended, K.S.A. § 58–2312 now permits recovery of attorneys fees in a wide variety of commercial contexts, including those previously prohibited by statute.

■ The first question is whether the contract at issue in this case, purported to be a "lease agreement," is really a debt instrument such that it would have been covered by the restrictions in the former version of K.S.A. § 58–2312. If it is a debt instrument, then the court must decide which version of K.S.A. § 58–2312 applies: the version in effect at the time the agreement was executed, or the version in effect at the time the court renders judgment on recovery of attorneys fees and expenses.

The lease agreement was entered on August 19, 1992, between Benedictine (the lessee) and Century Office Products, Inc. (COPI) (the lessor) for the lease of certain office equipment. Pursuant to the terms of the lease, Benedictine agreed to pay monthly payments in the amount of $1,850.00 for a total of 60 months. On August 24, 1992, COPI assigned all its rights under the lease to GECC which paid COPI $83,146.00 for the assignment.

■ The former version of K.S.A. § 58–2312 prohibited the agreement to pay attorneys fees only in connection with a "promissory note, bill of exchange, bond, mortgage, or other evidence of indebtedness." Benedictine has presented no evidence to support its argument that the lease agreement is a debt instrument rather than a lease. Provisions allowing for the recovery of attorneys fees in commercial leases are valid and enforceable in Kansas. *Oak Park Inv. Co. v. Lundy's, Inc.,* 6 Kan.App.2d 133, 136, 626 P.2d 1236 (1981).

■ Even if the lease agreement was in substance a debt instrument rather than a lease, the attorneys fees provision would still be enforceable. As stated previously, the Kansas Legislature has amended K.S.A. § 58–2312 to remove the prohibition on the recovery of attorneys fees in connection with notes and other debt instruments. That change became effective on July 1, 1994.

■ Kansas follows the general rule of statutory construction that a statute is generally not effective retrospectively unless that is clearly the legislature's intent. *See Eakes v. Hoffman–LaRoche, Inc.,* 220 Kan. 565, 568, 552 P.2d 998 (1976); *Lyon v. Wilson,* 201 Kan. 768, 443 P.2d 314 (1968). This rule "is normally applied when an amendment to an existing statute or a new statute is enacted which creates a new liability not existing before under the law or which changes the substantive rights of the parties." *Nitchals v. Williams,* 225 Kan. 285, 290–91, 590 P.2d 582 (1979). When, however, a statutory change "merely affects the remedy or law of procedure, all rights of action will be en-

forced under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether or not the suit has been instituted." *Jones v. Garrett,* 192 Kan. 109, 115, 386 P.2d 194 (1963).

The statutory change in this case is remedial in nature, and thus applies even though the contract was executed prior to the effective date of the amendment. *See Nitchals,* 225 Kan. at 292, 590 P.2d 582 ("[S]tatutory changes allowing the recovery of attorney fees and expenses of litigation are procedural or remedial in nature."). Therefore, the court finds that the provision in the lease agreement allowing for the recovery of attorneys fees and expenses is enforceable.

IT IS, THEREFORE, BY THE COURT ORDERED that GECC's motion for an award of attorneys fees and expenses (Doc. 74) is granted. Judgment is hereby entered in favor of General Electric Capital Corp. and against Benedictine College, Inc., in the amount of $29,106.27.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**